CABASSA, DEMANDANTE Y APELANTE, *v.* BRAVO, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en un caso de desahucio.

No. 1112.—Resuelto en agosto 1, 1914.

DESAHUCIO—CUESTIONES DE TÍTULO—ESTOPPEL.—En una acción de desahucio no pueden discutirse cuestiones relativas al título de la propiedad en litigio, ni si el demandado está impedido por la doctrina de *estoppel* de poder alegar el título a su favor de la propiedad en litigio, ni si el demandante o el demandado eran partes realmente interesadas en un documento que se otorgó anteriormente y en el cual se funda el *estoppel* que se alega contra el demandado.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. Francisco Parra Capó.*
El apelado no compareció.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Esta fué una acción de desahucio. Alegó el demandante ante la corte inferior que él era dueño de una finca rústica compuesta de unas dos cuerdas en la que había una casa semialta y que el demandado detentaba la misma como tenedor en precario sin pagar nada por ella y que se había negado a desalojar dicha finca al ser requerido con tal objeto.

El demandado admitió en su contestación que el demandante es el dueño de la finca en cuestión, pero negó especifica-

mente que la casa enclavada en dicho predio fuera de la propiedad del demandante, alegando por el contrario, que la casa fué construída con dinero del propio demandado. En la contestación se hicieron además otras alegaciones en igual sentido.

Existió cierto conflicto en la prueba con respecto a la procedencia del dinero para la fabricación de la referida casa, habiendo resuelto la corte esa cuestión en favor del demandado.

Sin embargo, el demandante y apelante se funda principalmente en la doctrina de *estoppel,* o sea, en los actos ejecutados anteriormente por el demandado y a los cuales no puede ahora oponerse. El impedimento a que se ha hecho referencia (*estoppel*) surge de una escritura en la cual el demandante que actuaba como apoderado de su esposa hizo un traspaso de la finca donde se encuentra construída la casa a su hija, o sea la esposa del demandado. El parentesco tan cercano de las partes constituye uno de los motivos de la falta de claridad en la prueba. La escritura en cuestión contenía la siguiente declaración: ''Es claridad advertir que en el terreno vendido, existe una casa de madera, semialta; que pertenece a Leopoldo Cabassa, (el demandante) la cual no entra en esta venta.'' También expresa la escritura que Doña Rosaura Cabassa y Hernández (la hija) asistida de su esposo Alfredo Bravo, el demandado) compra la finca de Leopoldo Cabassa (el demandante) como apoderado de su esposa.

La misma finca fué luego vendida por la hija y su esposo a su padre Leopoldo Cabassa. En la segunda escritura no se hizo al parecer una declaración semejante a la hecha en la primera. En la primera escritura también se decía que el precio de la venta, o sean, los trescientos dólares, fueron entregados por el padre a cuenta de la legítima paterna de la hija.

El apelante alega que la escritura original, tomando en consideración estas circunstancias, constituye un impedimento (*estoppel*) contra dicho demandado, y se funda en el artículo

100 y parte del 101, de la Ley de Evidencia, en los cuales se expresa lo siguiente:

"Artículo 100.—Una presunción (a menos que la ley no la hubiere declarado concluyente) puede controvertirse mediante otra evidencia, directa o indirecta; pero a no serlo así, será obligación del juez o jurado pronunciar su veredicto o fallo de acuerdo con la presunción."

"Artículo 101.—  *  *  *.

"2. La verdad de los hechos relatados, en la relación contenida en un documento escrito, entre las partes interesadas en el mismo o sus sucesores en interés por título adquirido posteriormente; pero esta regla no será aplicable a la relación de una compensación."

La corte en su opinión declaró que estos artículos no eran de aplicación al caso porque Leopoldo Cabassa no era parte interesada en la escritura original, pues él comparecía en realidad como apoderado de su esposa. Durante el juicio se presentó prueba con la que se trató de probar el hecho de que el apelante había suministrado todos los datos al notario, habiendo manifestado o admitido el demandado que había convenido con su suegro en permitir que se hiciera aquella declaración en la escritura original, debido a lo mucho que lo molestaban sus acreedores.

De lo expuesto anteriormente resulta evidente que lo que realmente se discute en este caso son cuestiones de título, o sea, quién es el dueño de la casa, y si el demandado y apelado estaba impedido de poder alegar su título; e incidentalmente si ya el demandante o el demandado fué propiamente parte en la escritura en cuestión. Por tanto, de acuerdo con la jurisprudencia establecida por este tribunal, no procedía la acción de desahucio. *Torres et al.* v. *Pérez,* 18 D. P. R., 573.

Debe confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.

El Juez Asociado Sr. Hutchison no tomó parte en la resolución de este caso.